IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD OVERAA as CHAIRMAN and RONNELL SPIKES as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA and BOARD OF TRUSTEES FOR THE CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>        Plaintiffs,<br><br>  v.<br><br>BRIAN GUERRERO, an individual, and LISA GARFIELD, an individual,<br><br>        Defendants.<br>_____/ | No. C 05-04664 WHA<br><br>**ORDER GRANTING ENTRY OF DEFAULT JUDGMENT** |

**INTRODUCTION**

In this interpleader action, plaintiffs apply for entry of default judgment against defendant Lisa Garfield pursuant to Federal Rule of Civil Procedure 55, seeking a declaration that Garfield is not a beneficiary under a contested pension plan. Review of the *Eitel* factors favors entry of default judgment. Accordingly, the application for default judgment is **GRANTED**.

**STATEMENT**

Plaintiffs Gerald Overaa and Ronnell Spikes are co-chairmen of the Boards of Trustees for the Carpenters Pension and Annuity Trust Funds ("Carpenters Funds"). Carpenters Funds

1  are employee-benefit plans covered under the Employment Retirement Income Security Act, 29
2  U.S.C. § 1002.

3   Eduardo Guerrero died on February 2, 2005. Eduardo was a participant in the pension
4  and annuity plans of Carpenters Funds. The applicable plan and trust agreement required that
5  pension benefits payable to a participant who was married at the time of retirement had to be
6  paid to the spouse as a "qualified joint and survivor annuity." According to the Carpenters
7  Funds' records, Eduardo had provided a certificate showing that he had married defendant Lisa
8  Garfield on April 27, 1982. On Eduardo's most recent enrollment forms, Garfield was listed as
9  Eduardo's wife. Defendant Brian Guerrero, Eduardo's son, was named as beneficiary on the
10 forms.

11   On April 1, 2005, Brian made a claim to Carpenters Funds for the pension and annuity
12 benefits from his father's plan. Brian provided a marriage certificate for Eduardo and a woman
13 named Machelle Tappin issued on December 1978—a certificate predating that for Eduardo's
14 marriage to Garfield. According to Brian, the marriage of Eduardo and Tappin was never
15 legally terminated. Tappin executed a waiver of any spousal benefits that might be due.
16 Garfield has not executed such a waiver.

17   The claims of Brian, as named beneficiary, and Garfield, as listed spouse, were thus
18 conflicting and adverse. The Carpenters Funds were unable to determine the validity of either
19 claim. The Carpenters Funds have indicated no preference to which person receives the
20 benefits and merely seek resolution by this action of the rightful beneficiary. Accordingly,
21 plaintiffs filed their interpleader complaint on November 15, 2005 pursuant to FRCP 22.
22 Plaintiffs deposited $73,000 with the Court and requested resolution of which of the two
23 purported beneficiaries were entitled to that money. Plaintiffs also sought to have any potential
24 liability to the non-beneficiary discharged.

25   Both Brian and Garfield accepted service of the summons and complaint. Brian
26 answered the complaint in December 2005. Garfield, however, failed to file a responsive
27 pleading within the requisite time period. Default against Garfield, therefore, was entered by
28 the Clerk of the Court on March 7, 2006. Service was more than adequate to give Garfield

2

notice of these proceedings. Plaintiffs now move for entry of default judgment against Garfield. Brian has joined plaintiffs' motion.

**ANALYSIS**

Under Federal Rule of Civil Procedure 55(b)(2), a party can apply to the court for entry of judgment by default. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The following factors are considered:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). For the following reasons, these factors favor entry of default judgment in this case.

After entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The merits of plaintiff's substantive claims and the sufficiency of the complaint are thus considered in tandem.

Based on the documentation obtained by Carpenters Funds, there is a strong likelihood that Brian will be deemed the beneficiary. Accepting the fact, as we must for purposes of FRCP 55, that Eduardo's marriage to Tappin was never legally terminated, Eduardo's marriage to Garfield would be invalid. Garfield would thus lose her preferred status as joint-spousal beneficiary. The benefits would then pass to Brian as Eduardo's named beneficiary. The likely outcome on the merits, therefore, is that Brian is entitled to the benefits.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment against Garfield. To deny plaintiff's application would leave plaintiff without a way to resolve this dispute. Morever, Garfield has refused to litigate this action here after being properly served with the complaint and summons. Since Garfield never filed an answer to the complaint or appeared at the hearing, it is unclear whether there is a possibility of dispute concerning the material facts. There is no evidence that Garfield's failure to respond was the result of

3

excusable neglect. Although federal policy may favor a decision on the merits, FRCP 55(b) permits entry of default judgment in situations such as this, where the defendant has refused to litigate. On balance, the Court concludes that the *Eitel* factors weigh in favor of default judgment against Garfield.

Accordingly this order holds:

1. Plaintiffs are discharged from liability for all actual or potential claims against them by Garfield with respect to the $73,000 deposited with the Court; and

2. Garfield is deemed to have no right to payment of any pension or annuity benefits from the Carpenters Funds based on her purported spousal relationship with Eduardo.

3. Brian is entitled to the $73,000 deposited with the Court as Eduardo's proper beneficiary.

## CONCLUSION

For the foregoing reasons, plaintiffs' application for entry of default judgment is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 22, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4